

Sylvia E. Simson
Tel 212.801.9200
Fax 212.801.6400
simsons@gtlaw.com

June 18, 2020

**VIA ECF**

Hon. Naomi Reice Buchwald
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312
Tel: 212-805-0194
BuchwaldNYSDChambers@nysd.uscourts.gov

```
Application granted.  Case stayed.

SO ORDERED.

          [signature]

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Dated:  June 19, 2020
```

Re: ***KPA Promotion & Awards, Inc. et al. v. JPMorgan Chase & Co. et al.***, No. 1:20-cv-03910 – Joint Request to Stay Proceedings Pending Ruling From Judicial Panel on Multidistrict Litigation

Dear Judge Buchwald:

We write on behalf of JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively, "Chase"),[1] whom we represent, and all Plaintiffs in the above-captioned action (together, the "Parties") to advise the Court that the Judicial Panel on Multidistrict Litigation ("JPML") is currently deciding whether to consolidate and/or transfer this case, along with eleven others, to a single federal district for pretrial centralization.  *See In re JPMorgan Chase Paycheck Protection Plan Litig.*, MDL No. 2944 (the "Proposed MDL").  The Parties agree that this case should be temporarily stayed, and that Chase need not respond yet to the Complaint filed by Plaintiffs, pending a decision from the JPML regarding the Proposed MDL.  The Parties write to advise the Court of this agreement and to request that the Court impose a stay, or alternatively, grant the Parties a pre-motion conference pursuant to Your Honor's Individual Practices, Section 2(b), and/or leave to file a joint motion to temporarily stay this case.  Should the Court impose a stay, the Parties will promptly notify the Court whether to return the case to the active docket as soon as the JPML issues its decision.  Should this case not be transferred, the Parties agree that Chase will respond to Plaintiffs' Complaint within 30 days from the date of notice of the JPML's ruling.  In support of their joint requests set forth herein, the Parties state as follows:

---

[1] It is Chase's position that specially appearing Defendant JPMorgan Chase & Co. is a financial holding company under section 4(k) and (l) of the Bank Holding Company Act of 1956.  It is not a proper defendant, as it does not participate, and never has participated, in the Paycheck Protection Program ("PPP") created as part of the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. 116-136 (the "CARES Act") and has made no loans in connection with the PPP.  This specially appearing Defendant reserves all rights in connection with being named in the Complaint.

Greenberg Traurig, LLP | Attorneys at Law
MetLife Building  |  200 Park Avenue  |  New York, New York 10166  |  T +1 212.801.9200  |  F +1 212.801.6400

www.gtlaw.com

I.  **Background**

This case and the other putative class actions identified in the Proposed MDL relate to Chase's processing of Paycheck Protection Program ("PPP") loans under the CARES Act (collectively the "PPP Actions"). There are twelve PPP Actions pending in the Proposed MDL. Counsel for Plaintiffs in the above-captioned case filed a motion for transfer and consolidation before the JPML on May 1, 2020, and plaintiffs in a separate PPP Action filed a competing motion for transfer and consolidation on May 7, 2020. *See* Proposed MDL, ECF Nos. 1, 5. Both motions seek to transfer and consolidate the claims of Plaintiffs in this case with the other PPP Actions, with counsel for Plaintiffs in this case advocating an MDL in one federal district (the Southern District of California) and the other motion advocating a different district; neither of these motions advocate that the Proposed MDL should be in the Southern District of New York. Chase has opposed both motions and has argued that each case should remain in its original district, or in the alternative, has proposed either the District of Colorado or the Northern District of Texas as geographically central venues.

Though not yet set for hearing, briefing on the Proposed MDL was completed on June 5, 2020 and closed on June 8, 2020. *See id.*, ECF No. 82. The JPML has a hearing session scheduled for July 30, 2020.[2] Though Chase opposes the Proposed MDL, it has advised Plaintiffs that a stay would avoid the necessity of responding to individual complaints and litigating the same issues in various courts unnecessarily in the event the JPML grants one of the motions to transfer and consolidate. Plaintiffs do not oppose this request, such that the Parties agree judicial efficiency is better served by awaiting the outcome of the Proposed MDL before this case proceeds.

II.  **Argument**

A.  **This Court Has the Authority to Grant a Stay Pending a JPML Ruling.**

"A district court has the inherent power to stay its proceedings. This power to stay is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (quotations omitted).

Federal courts often recognize the propriety of staying proceedings while the JPML considers a motion to consolidate and transfer, and the Parties agree the same result should follow here. *See, e.g.*, *Ritchie Capital Mgmt., LLC v. GE Capital Corp.*, 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015) (noting "[i]t is common for courts to stay an action pending a transfer decision by the JPML" and granting motion to stay) (internal citations omitted); *Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 370 (S.D.N.Y. 2013) (collecting cases for the proposition that "where a multi-district litigation proceeding has been established, courts have routinely stayed motions pending rulings by the JPML," including where plaintiffs "were pressing for immediate

---

[2] *Hearing Information,* UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION, https://www.jpml.uscourts.gov/hearing-information.

June 18, 2020
Page 3

resolution" of preliminary motions, and granting motion to stay).³  Here, the interests of judicial economy and efficiency, coupled with consideration of any hardships to the Parties, support granting a short stay pending a ruling from the JPML.

### B. The Parties Agree That an Interim Stay Is Appropriate.

Though the Parties have taken opposing positions in the Proposed MDL, they agree an interim stay will promote judicial economy and conserve the Parties' efforts and resources.  *See Royal Park*, 941 F. Supp. 2d at 373 ("[C]ourts in this circuit have recognized that stays pending transfer … conserve judicial resources, one of the fundamental goals of multidistrict litigation practice.") (citation and internal quotation marks omitted); *Lee*, 2018 U.S. Dist. LEXIS 234885, at *4 ("In addition to conserving defendant's resources, a stay will also conserve judicial resources…."). The JPML is likely to decide whether to grant the Proposed MDL following the July 30 hearing session.  Time spent over the next six weeks in responding to individual complaints and litigating the same issues in various courts may prove unnecessary, redundant, and judicially inefficient in the event the JPML grants either of the motions to transfer.  Conversely, the Parties will experience only a short delay, likely less than two months, and no unfair prejudice will result from a stay, particularly given the infancy of this litigation.  *See, e.g.*, *Ritchie*, 87 F. Supp. 3d at 471 (granting motion to grant a "short stay" where JPML was scheduled to meet within three weeks "and is likely to resolve [the MDL motion] promptly"); *Royal Park*, 941 F. Supp. 2d at 372 (granting motion to stay, reasoning that "the JPML is scheduled to hear Plaintiff's motion on the next available date," a mere 48 days from the court's decision); *Animal Sci. Prods. v. Hebei Welcome Pharm. Co. Ltd.*, No. 05-CV-453, 2005 U.S. Dist. LEXIS 38214, at *2-3 (E.D.N.Y. Dec. 22, 2005) (granting motion to stay where JPML was scheduled to hear oral argument on an MDL application 34 days from the court's order).  Finally, the interests of third parties and the public interest likewise favor a stay.  Particularly in times of COVID-19, the interests of other litigants and the public weigh against this Court expending significant time on a matter that may ultimately be transferred elsewhere.  Even in ordinary times, "a stay serves the judicial and public interest in letting the JPML decide if the interests in efficiency and economy favor consolidation and transfer." *Ritchie*, 87 F. Supp. 3d at 471 (citing 28 U.S.C. § 1407).  Because the five factors courts in this District consider in determining whether a stay is appropriate weigh in favor of a stay, *see Ritchie*, 87 F. Supp. 3d at 471 (quoting *Royal Park*, 941 F. Supp. 2d at 370), and the Parties have agreed a stay is appropriate, this matter should be stayed pending a ruling from the JPML.

In sum, the Parties respectfully request that the Court stay this case and Chase's deadline to respond to the Complaint as set forth herein, or alternatively, schedule a pre-motion conference and/or permit them to file a formal joint motion seeking a stay.  The Parties thank the Court for its attention to this matter and are available to discuss at the Court's convenience.

---

³ *See also, e.g., Lee v. Equifax Info. Servs.*, No. 18-cv-3133, 2018 U.S. Dist. LEXIS 234885, at *2 (E.D.N.Y. Aug. 6, 2018) (staying action pending JPML determination, noting that "[a]s defendant correctly observes … where, as here, an MDL proceeding has been established, courts in this and other circuits have 'routinely' granted applications to stay the proceedings … pending action by the JPML"); *Pierre v. Prospect Mortg., LLC*, No. 13 Civ. 453, 2013 U.S. Dist. LEXIS 156005, at *6 (N.D.N.Y. Oct. 31, 2013) (granting motion to stay, noting that "it is rather common for courts to stay cases pending a motion for MDL").

June 18, 2020
Page 4

Respectfully submitted,

/s/ *Sylvia E. Simson*

Sylvia E. Simson

CC:   All counsel of record (via ECF)